DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

Noah Stern (CABN 297476)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3713
    FAX: (510) 637-3724
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:20-mj-71008-MAG |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| KELVIN MICHAEL BESHARS, | |
| Defendant. | |

    On July 24, 2020, defendant Kelvin Michael Beshears was charged by complaint with Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g)(1).

    This matter came before the Court on July 29, 2020, for a detention hearing. The defendant was present and represented by Jerome Matthews. Assistant United States Attorney Noah Stern appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

    Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: The defendant is alleged to have shot a man in the leg in Antioch, California on April 21, 2020. In addition, Defendant has been convicted of other crimes involving violence and dangerous acts evading the police. This criminal history establishes the government's burden that no combination of conditions will reasonably assure the safety of the community if he is released. This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 30, 2020

*Sallie Kim*
HONORABLE SALLIE KIM
United States Magistrate Judge